HoweiiXi, J.
This is a proceeding by rule, to compel the defendant to pay to plaintiff the sum of $11,629 55, with interest from 13th February, 1866, as being yet due on a judgment, rendered on said date, for certain specific sums of money; the one-ninth of the net proceeds of 299 bales of cotton, shipped to New Orleans, when sold; the one-ninih of 100 bales on hand, when sold, (the said two lots being the crops of 1861 & 1862,) less the one-ninth of the expenses of getting it to market and of selling, and the sum of $71 50, cost of bagging and rope; and for the delivery to plaintiff of all the stock and personal property in the possession of defer dant and in controversy in this suit.
The amount claimed in the rule is made up of the following sums: $250, proceeds of a two-horse wagon; $1,800, proceeds of 9 mules; $40, the value of one-ninth of two bales of cotton, which, it is alleged, should have been included in the 100 bales mentioned in the judgment; $71 50 cost of bagging and rope retained twice by the defendant; and $9,468 05, proceeds of one-ninth of 401 bales of cotton, which it is alleged, should have been included also in the crops of 1861 and 1862, in addition to the 100 and the 299 bales for which judgment was rendered as above stated, and in satisfaction of which judgment a receipt was given in error.
The defendant filed the plea of res judicata averring that the judgment of 13th February, 1866; was final, and settled all matters and transactions between the parties growing out of the issues involved in the original suit, and had been acquiesced in by plaintiff, and ratified by receiving payments under the same.
The exception was maintained as to the amount of crops of the years 1861 arid 1862; and defendant answered by a general denial; reaffirming his exception, and denying the right of plaintiff to set up error in the satisfaction of the judgment, without tendering the amount received under the same.
There was judgment for defendant, and plaintiff appealed.
We think the Court did not err in sustaining the plea of res judicata as to the quantity of cotton of the crops of 1861 and 1882, inasmuch, as that question was submitted by the parties to referees, whose report thereof *277 was the basis of the judgment rendered, and in which the plaintiff acquiesced by executing it in part, at least.
The plaintiff seeks to evade the effect of this plea, upon the doctrine that a consent decree (which she alleges the one in question to be) decides nothing, and is therefore not binding; and she relies upon the case of the Union Bank v. Marin, to sustain her position. This case, in our opinion, simply declared, in this respect, that such decrees render private agreements executory between the parties, and that their effects, as to third persons, are those of trasactions made in authentic form.
A consent judgment is binding between the parties, and has the effect of the thing adjudged, unless reversed in the mode and within the time prescribed by law. 12 A. 426. A judgment, however, is not necessarily a consent judgment, because based on the award of arbitrators or referees, to whom parties by consent, and in due form, submit their differences.
This disposes of plaintiff’s first bill of exception.
The second, is to the action of the court in permitting a witness to correct his testimony after having been discharged. We can see no legal objection to such ruling in this particular instance, where the correction was made on a fact as to which he was not cross-examined, and one as to which it appears the court, the clerk and the counsel disagreed as to whether it had been taken down correctly. The better course would have been for the testimony to have been read over to the witness before leaving the stand; but this not having been done, should not, in our opinion, deprive the witness or the party from having the correction made so as to conform to the truth.
The Court did not err in the ruling, to which defendant objected, that plaintiff could show error in the receipt given by the agent of the latter in the satisfaction of the judgment. Receipts are prima facie but not conclusive evidence of what they purport to be.
The only item, however, set out in the rule, which we think is established by the evidence, as not included in the settlement of the.judgment, is the two-horse wagon, which is shown to be worth $100, and to have been sold by defendant’s wife, some time in 1863. In other respects we see no error in the judgment below.
It is therefore ordered that the judgment appealed from be reversed, and that plaintiff recover of defendant $100, with interest from 1st January, 1864, and costs in both courts.